UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVIAN M. MOSLEY,

     Plaintiff,

                                    Case No. 26-cv-11637

v.                              Hon. Matthew F. Leitman

PATRICIA P. FRESARD, *et al.*,

     Defendants.

_____/

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); (2) SUMMARILY DISMISSING ALL CLAIMS AGAINST DEFENDANTS FRESARD, FARHAT, DABAJA, RITULA, WITUCKI, BIANCHI, PEACOCK, HOCKER, THOMAS, AND BELLAFAIRE; AND (3) SUMMARILY DISMISSING CIVIL CONSPIRACY CLAIM AGAINST DEFENDANT GARRETT**

In this action, *pro se* Plaintiff Avian M. Mosley brings claims under 42 U.S.C. §§ 1983 and 1985(3), alleging that Defendants, at least three of whom appear to be state-court judges, violated his federal due process rights and conspired to deprive him of equal protection of the law. Mosley's allegations appear to stem from one or multiple ongoing civil state-court proceedings in which he is the plaintiff. (*See* Compl., ECF No. 1.) It is difficult to discern the precise nature of his claims against the Defendants. Mosley seems to allege a cover-up in which state court employees "hid," "delet[ed]" or otherwise "reject[ed]" his state-court claims and filings to avoid liability for the defendants in those case(s). (*Id.*, PageID.11.)

1

Now before the Court is Mosley's Application to Proceed Without Prepaying Fees or Costs. (*See* Application, ECF No. 2.)  For the reasons explained below, the Court will **GRANT** Mosley's application to proceed *in forma pauperis*. Additionally, the Court **SUMMARILY DISMISSES** Mosley's civil conspiracy claim against all Defendants and **SUMMARILY DISMISSES** his due process claim against all but one of the named Defendants in the Complaint.

**I**

The Court is required to screen all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).  While the Court is obligated to liberally construe documents filed by pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).  The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

2

## II

The Court begins with Mosley's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2).  Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1).  That statute provides that a federal court "may authorize the commencement […] of any suit, action, or proceeding […] by a person who submits an affidavit that includes a statement of all assets […] that the person is unable to pay such fees[.]" *Id.*

In Mosley's Application, he reports no regular income and no money in checking or savings. (*See* Application, ECF No. 2.)  The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Mosley.  The Court therefore **GRANTS** the Application and permits Mosley to proceed *in forma pauperis*.

## III

The Court next turns to Mosley's Complaint (ECF No. 1).  The Complaint is somewhat difficult to follow, but it seems to allege that named and unnamed state court employees violated Mosley's Fourteenth Amendment due process rights by "hid[ing]," "delet[ing]," or otherwise "reject[ing]" his state-court claims and filings to avoid liability for the defendants in those case(s). (Compl., ECF No. 1, PageID.11.)  He also brings a civil conspiracy claim under 42 U.S.C. § 1985(3),

3

alleging that Defendants "conspired and agreed among themselves to utilize their Official Administrative powers to run a fraudulent "dual-docket" architecture across" his state-court cases. (*Id.*, PageID.12.)

**A**

Mosley brings his due process claim against Defendants under 42 U.S.C. § 1983, which requires allegations of personal involvement.  "When suing an individual actor ... for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013); *see also Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right ... We must analyze separately whether [plaintiff] has stated a plausible constitutional violation by each individual defendant, and we cannot ascribe the acts of all Individual Defendants to each individual defendant.") (emphasis in original).  In his Complaint, Mosley attributes allegedly unlawful conduct to only one of the eleven Defendants he names.  He alleges that the

4

"Defendant Clerk" (Defendant Cathy M. Garrett), among other things, "executed an instantaneous, bad-faith administrative rejection" of his court filings, "escalated the conspiracy" by "retroactively 'reject'[ing] and eras[ing]" court judgments, and "artificially truncated and froze" another one of Mosley's court cases. (*Id.*, PageID.10-12.)  But he does not attribute any specific unconstitutional conduct to any of the other named Defendants.  Mosley has therefore failed to state a claim against those ten Defendants for violation of a constitutional right under Section 1983.  The Court therefore **SUMMARILY DISMISSES** Mosley's due process claim against those ten Defendants. *See* 28 U.S.C. § 1915(e)(2).

B

Mosley brings his conspiracy claim under 42 U.S.C. § 1985(3).  But he has failed to state a claim against any of the Defendants for a violation of this statute.

To state a claim under that subsection, "which prohibits conspiracies to deprive persons of their equal protection rights, a plaintiff must allege that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Courser v. Allard*, 969 F.3d 604, 618 (6th Cir. 2020) (cleaned up).  True, the Supreme Court has "repeatedly left open whether something other than race-based animus could ever support a § 1985(3) conspiracy claim against a party." *Post v. Trinity Health-Michigan*, 44 F.4th 572, 580 (6th Cir.

5

2022).  But the Sixth Circuit "has substantially limited any non-race-based theory" and held "that § 1985(3) reaches only conspiracies targeting a person based on a classification (like racial discrimination) that would receive heightened scrutiny under the Supreme Court's equal-protection framework." *Id.*

Here, Mosley's Complaint does not mention race at all, let alone allege that Defendants conspired to deny him equal protection of the laws on the basis his race or his membership in any other protected class.  Thus, Mosley states no plausible claim under § 1985(3).  His conspiracy claim against all Defendants is therefore **SUMMARILY DISMISSED**.

**IV**

For the reasons explained above, **IT IS HEREBY ORDERED AS FOLLOWS**:

(1) Mosley's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

(2) All of Mosley's claims against Defendants Fresard, Farhat, Dabaja, Ritula, Witucki, Bianchi, Peacock, Hocker, Thomas, and Bellafaire are **SUMMARILY DISMISSED**.

6

(3) Mosley's due process claim against Defendant Garrett may go forward, but his conspiracy claim under 42 U.S.C. § 1985(3) against her is **SUMMARILY DISMISSED**.

(4) Therefore, the only claim that is still alive in this action is Mosley's due process claim under 42 U.S.C.§ 1983 against Defendant Garrett.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 28, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

7