UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVIAN M. MOSLEY,

     Plaintiff,

                                       Case No. 26-cv-11637
v.                                   Hon. Matthew F. Leitman

PATRICIA P. FRESARD, *et al.*,

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RECONSIDERATION (ECF No. 14)

In this action, *pro se* Plaintiff Avian M. Mosley brings claims under 42 U.S.C. §§ 1983 and 1985(3), alleging that Defendants, at least three of whom appear to be state-court judges, violated his federal due process rights and conspired to deprive him of equal protection of the law. (*See* Compl., ECF No. 1.)  Mosley's allegations appear to stem from one or multiple ongoing civil state-court proceedings in which he is the plaintiff. (*See id.*)  Along with his Complaint, Mosley filed an emergency motion for an *ex parte* temporary restraining order, in which he asked the Court, among other things, to stay his ongoing state-court proceedings. (*See* Emergency Motion, ECF No. 4.)  The Court denied Mosley's emergency motion without prejudice in an Order dated May 20, 2026. (*See* Order, ECF No. 6.)  In that Order, the Court explained that it was "not yet persuaded that Mosley ha[d] shown

1

sufficient likelihood of success on the merits to warrant emergency relief at this time." (*Id.*, PageID.71.) Then, on May 28, 2026, the Court entered an Order dismissing most of Mosley's claims. (*See* Order, ECF No. 11.) It dismissed his conspiracy claim against all Defendants on the ground that Mosley had failed to state a claim against any of the Defendants for conspiring to violate the statute under which he brought his claim, 42 U.S.C. § 1985(3). (*See id.*) And it dismissed his due process claim against all Defendants except Defendant Cathy M. Garrett, the Wayne County Clerk, because Mosley did not attribute any specific unconstitutional conduct to any of the named Defendants besides Garrett. (*See id.*) The only claim the Court allowed to proceed in this action was Mosley's due process claim under 42 U.S.C.§ 1983 against Defendant Garrett. (*See id.*)

On June 3, 2026, Mosley filed a motion for reconsideration. (*See* Omnibus Motion for Reconsideration, ECF No. 14.) In that motion, he asks the Court to reconsider only the Court's May 20 Order denying his emergency motion for an *ex parte* temporary restraining order. He does not mention or ask the Court to reconsider the Court's May 28 order that dismissed most of his claims. (*See id.*) Mosley says that his motion for reconsideration is intended to "resolve the Court's prior concerns regarding clarity" (*id.*, PageID.13), and he attaches to the motion over 70 pages of state-court filings. (*See id.*, PageID.123-194.) However, Mosley offers no substantive argument as to how the Court allegedly erred when it denied his

2

request for an *ex parte* temporary restraining order. The Court therefore declines to reconsider its denial of Mosley's motion for an *ex parte* temporary restraining order.

For the foregoing reasons, Mosley's motion for reconsideration (ECF No. 14) is **DENIED**. Insofar as his motion requests the Court to "supplement the record" and take judicial notice of certain public records (Mot., ECF No. 14, PageID.94), it is **DENIED** because the Court does not believe it is appropriate or necessary to evaluate these documents at this stage.

      **IT IS SO ORDERED.**

                        s/Matthew F. Leitman
                        MATTHEW F. LEITMAN
                        UNITED STATES DISTRICT JUDGE

Dated: June 25, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 25, 2026, by electronic means and/or ordinary mail.

                        s/Holly A. Ryan
                        Case Manager
                        (313) 234-5126