UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVIAN M. MOSLEY,

Plaintiff,

v.

CATHY M. GARRETT,

Defendant.
_______________________________________/

Civil Action No. 26-11637

Matthew F. Leitman
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 35)**

*Pro se* plaintiff Avian M. Mosley ("Mosley") commenced this action pursuant to 42 U.S.C. §§ 1983 and 1985(3), alleging that a group of defendants, at least three of whom appear to be state-court judges, violated his federal due process rights and conspired to deprive him of equal protection of the law. (ECF No. 1). Mosley's allegations appear to stem from one or more ongoing civil state-court proceedings in which he is the plaintiff. While it is difficult to discern the precise nature of Mosley's claims against the defendants, he seems to allege a cover-up in which state court employees "hid," "delet[ed]" or otherwise "reject[ed]" his state-court claims and filings to shield the defendants in those case(s) from liability. (*Id.*, PageID.11). Regardless, following entry of an Order of Summary Dismissal of most of the defendants in this action, the sole remaining defendant is Cathy Garrett ("Garrett"), the Clerk of Wayne County, and Mosley's sole remaining claim against her is for violation of his procedural due process rights. (ECF No. 11, PageID.90).

Now pending before the Court is a motion to dismiss filed by Garrett on July 27, 2026. (ECF No. 35). On August 3, 2026, Mosley filed a response to this motion. (ECF No. 44). Garrett filed a reply brief on September 8, 2026. (ECF No. 46).

An Order of Reference was entered on June 25, 2026, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 21). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Garrett's Motion to Dismiss **(ECF No. 35)** be **GRANTED**.

## II. REPORT

### A. Background

As set forth above, Mosley's sole remaining claim is that Garrett, the Clerk of Wayne County, violated his procedural due process rights. (ECF No. 11, PageID.90). Again, Mosley's allegations are difficult to follow, but he appears to be accusing Garrett of wrongdoing in one or more state-court civil actions in which he is a litigant.

Specifically, Mosley is the plaintiff in Wayne County Circuit Court Case No. 25-020250-CZ, and he asserts that all ten named defendants in that case "failed to answer or defend within the 21-day statutory window"; therefore, on April 3, 2026, he submitted requests for default for all ten defendants to Garrett. (ECF No. 1, PageID.10). According to Mosley, the same day, Garrett "executed an instantaneous, bad-faith administrative

rejection targeting only the default request against Defendant Judge [Dabaja], while passing the remaining nine Defaults forward into the processing queue." (*Id.*) (internal citation omitted). Mosley further alleges:

> 13. On April 28, [Garrett] Officially Verified, executed, and Certified the entries of Default against the remaining nine Defendants, stamping them with the Court's Official Seal.
>
> 14. Realizing that the April 28 certification legally bound the nine colleague-defenders to absolute financial liability, [Garrett] escalated the conspiracy by executing an extra-judicial maneuver to retroactively "reject" and erase the nine validly Certified Defaults from the active electronic tracking system to insulate their (sic) coworkers.

(*Id.*, PageID.11) (internal citations omitted).

Mosely asserts that he "holds a vested, constitutionally protected property interest in the April 28 Certified Defaults, which established absolute liability against nine defendants, and a Due Process right to a neutral entry of Default against the tenth." (*Id.*, PageID.13) (internal citation omitted). He then accuses Garrett of taking his "property" (*i.e.*, the Defaults) without due process of law "by altering public records to delete certified documents and sneaking void, post-disqualification orders onto the file on April 20[, 2026]." (*Id.*).

Garrett now moves to dismiss Mosley's procedural due process claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing that it fails to state a claim upon which relief can be granted.[1] For the reasons set forth below, the Court agrees.

---

[1] In the alternative, Garrett argues that Mosley's claim against her should be dismissed because she is entitled to absolute immunity and because Mosley's claims are barred by *res judicata*. (ECF

**B. Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see*

No. 35, PageID.327-32). Because the Court is recommending dismissal on Rule 12(b)(6) grounds, it need not address the merits of these arguments in detail.

*also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). But "[t]he leniency granted to pro se [litigants] … is not boundless[,]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead facts sufficient to show a redressable legal wrong has been committed[.]" *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C. Analysis**

In her motion to dismiss, Garrett argues that Mosley has failed to state a claim for violation of his procedural due process rights.[2] (ECF No. 35, PageID.320-27). The Fourteenth Amendment of the United States Constitution protects individuals from the deprivation "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The clause has both a substantive and a procedural component. *See EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012).

[2] Mosley's primary argument in opposition to Garrett's motion to dismiss is that the motion was improper because Garrett was in "default status" at the time it was filed. (ECF No. 44, PageID.404). As this Court previously noted, however, on July 22, 2026, it issued an order setting aside the default entered against Garrett and, at the time Garrett filed her motion to dismiss on July 27, 2026, that order remained – and still remains – in full force and effect. (ECF No. 38, PageID.355) (citing ECF No. 30). Thus, Garrett was not in default at the time she filed her dispositive motion, and Mosley's argument against granting Garrett's instant motion fails.

Here, Mosley is explicitly alleging a "deprivation of procedural due process[.]" (ECF No. 1, PageID.12). Procedural due process is traditionally viewed as a requirement that the government provide a "fair procedure" when depriving someone of life, liberty, or property. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992). To make out a claim for a violation of procedural due process, a plaintiff has the burden of showing that "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).

In her motion to dismiss, Garrett argues that Mosley's procedural due process claim fails to state a claim upon which relief can be granted because, contrary to Mosley's assertion in his complaint that he "holds a vested, constitutionally protected property interest in the April 28 Certified Defaults (Exhibit E)" (ECF No. 1, PageID.13), his own allegations and the exhibits attached to his complaint[3] establish that "he has rested his entire Due Process claim on the deprivation of a property right which does not exist" (ECF No. 35, PageID.323).[4] For the reasons set forth below, the Court agrees.

---

[3] When a court is presented with a motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

[4] In his response to Garrett's motion, Mosley asserts, for the first time, that he was deprived of a "protected liberty interest in parental rights …." (ECF No. 44, PageID.408). This allegation is not contained in Mosley's complaint. "The focus of any Rule 12(b)(6) motion to dismiss … is the complaint. This precludes the consideration of new allegations that may be raised in plaintiff's

As support for his contention that he has a "vested, constitutionally protected property interest in the April 28 Certified Defaults" Mosley cites "Exhibit E" to his complaint. (ECF No. 1, PageID.13). However, "Exhibit E" merely consists of two "Requests for Hearing on a Motion" that were filed in the State Court Case, apparently on April 17, 2026. (*Id.*, PageID.38-40). The first such request concerns a motion for summary disposition filed by the defendant in that case, the Honorable Particia P. Fresard, while the second request concerns a "Motion for Immediate Procedural Relief, ROA Correction and Accelerated Adjudication" filed by Mosley. (*Id.*, PageID.39-40). Although it appears that both Requests for Hearing were filed with the Wayne County Clerk's office (they have been partially redacted), there is no indication a hearing was scheduled or held on either motion, or that either motion was ruled on by the presiding judge in the State Court Case. (*Id.*). Indeed, the section of each Request for Hearing where the presiding judge indicates the related motion's disposition is completely blank and unsigned. (*Id.*).

In short, while these Requests for Hearing are what Mosley cites in support of his contention that he has a "vested, constitutionally protected property interest" in "Certified Defaults," in reality, these documents do nothing more than show that a request for a hearing was made with respect to the two motions at issue. (*Id.*, PageID.13). Thus, even setting aside the question of whether an individual possesses a property interest in a certified default, it is clear that Exhibit E does not provide any support for Mosley's claim that he possessed such a "right."

---

opposition to a motion to dismiss brought pursuant to Rule 12(b)(6)." *Mazur v. Garrison*, No. 24-13193, 2025 WL 3216319, at *3 (E.D. Mich. Nov. 18, 2025) (internal quotations omitted).

The Court notes that in his complaint's "Verified Exhibit Index," Mosley asserts that "Exhibit G" to his complaint (rather than Exhibit E) contains "The April 28 Clerk-Certified Defaults bearing the official court seal." (*Id.*, PageID.15). However, Exhibit G contains a series of "Proof of Electronic Service" which merely reflect that Mosley electronically served a "Default, Request, Affidavit and Entry" on "4/3/2026." (*Id.*, PageID.45-53). Thus, just as with Exhibit E, these documents do not support an assertion about defaults having been entered on *April 28, 2026*.[5]

Examining further Mosley's assertion that he has a protected property interest in a certified default, the United States Supreme Court has long established that for an individual "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives,

---

[5] Elsewhere in his complaint, Mosley cites to "Exhibit B" in support of his contention that "four recusal orders" were entered in the State Court Case, which "stripped the respective judges of all legal jurisdiction" but, nevertheless, Garrett "continued to process and enforce rogue entries in total absence of jurisdiction." (ECF No. 1, PageID.10). However, Exhibit B contains Orders of Disqualification/Reassignment signed by Judges Muriel D. Hughes, Martha M. Snow, Annette J. Berry, and Edward J. Joseph. (*Id.*, PageID.27-31). Nowhere in Exhibit B does it state that Garrett lacked "jurisdiction" over the State Court Case, or that *she* had been either disqualified or stripped of her responsibilities. In fact, Garrett's role, as stated on the Wayne County website for elected officials, specifies that she serves as "the Clerk of the Third Judicial Circuit Court and as keeper of the records for Wayne County." *See* https://www.waynecountymi.gov/Government/Elected-Officials/Clerk (last accessed October 6, 2026). In other words, Garrett's role is "primarily record keeping in nature." *Id.* Thus, where the only thing that ties Garrett to Exhibit B is the court stamp on each of the disqualification/reassignment orders, and her stated job is to keep records, there is nothing in Exhibit B indicating that Garrett was acting in a "rogue" manner in docketing orders issued by four Wayne County judges in the State Court Case. Thus, as with his reliance on Exhibits E and G, nothing in Exhibit B helps Mosley state a claim for violation of his procedural due process rights.

reliance that must not be arbitrarily undermined." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *see also Naturale & Co. v. Eck*, No. 25-1990, 2026 WL 1363969, at *3 (6th Cir. May 15, 2026) (citing *Roth*, 408 U.S. at 577). Though property rights have been established to extend beyond tangible items, "they are created and their dimensions are defined by existing rules or understandings … that secure certain benefits and that support claims of entitlement to those benefits." *Roth*, 408 U.S. at 572, 577.

Here, Mosley's claim of entitlement to a protected property interest in "the April 28 Certified Defaults" appears – according to his own filing – to be nothing more than a subjective expectation that the state court would enter a default against Judge Fresard (and others) after Mosley requested that such action be taken. (ECF No. 1, PageID.45-53). As discussed above, *supra* at 8, on April 3, 2026, Mosley filed nine documents described by "Type of Document" as "Default, Request, Affidavit and Entry." However, Mosley's submissions merely reflect that he filed some type of requests (or motions) with the state court, seeking entry of defaults. Although Mosley might have subjectively believed that the state court defendants should have been found to be in default (and that the filing of his motions/requests equated to such findings), it goes without saying that simply asking the court to take an action does not *entitle* the filer to the relief sought.[6]

For all of these reasons, because Mosley has failed to plead the existence of a constitutionally protected right, his procedural due process claim against Garrett should be

[6] In his response to Garrett's motion, Mosley maintains that "9 defaults [were] entered on 04/03/2026 …." (ECF No. 44, PageID.405). Again, however, the documents Mosley cites in support of this assertion are *proofs of service* showing that he had filed nine requests for defaults, not defaults themselves. (*Id.*) (citing ECF No. 1, PageID.45-55; ECF No. 14-6, PageID.186-94).

dismissed.[7]

## III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Garrett's Motion to Dismiss **(ECF No. 35)** be **GRANTED**.

Dated: October 7, 2026
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v.*

[7] Even if Mosley had alleged the existence of a protected property interest, to be able to pursue a claim for violation of his due process rights in this Court he must also establish the inadequacy of state remedies. *See, e.g., Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004); *Collyer v. Darling*, 98 F.3d 211, 223 (6th Cir. 1996) (to pursue a claim for a due process violation, "the plaintiff bears the burden of demonstrating that the available state procedures were inadequate to compensate for the alleged unconstitutional deprivation"). And, "[t]he inadequacy of state remedies generally cannot be proven unless those remedies are exhausted." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). Here, however, Mosley cannot show a deprivation of a property interest without due process because he had available remedies throughout the pendency of the State Court Case, as well as the opportunity to appeal that court's decisions.

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager