UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVIAN M. MOSLEY,

Plaintiff,

v.

Case No. 26-cv-11637
Hon. Matthew F. Leitman

CATHY M. GARRETT,

Defendant.

______________________________________________________________/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 52); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 51); (3) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 35); AND (4) TERMINATING AS MOOT PLAINTIFF'S MOTION TO VACATE VOID ORDERS (ECF No. 49)**

In this action, *pro se* Plaintiff Avian M. Mosley brought claims under 42 U.S.C. §§ 1983 and 1985(3), alleging that Defendants, at least three of whom appear to be state-court judges, violated his federal due process rights and conspired to deprive him of equal protection of the law. (*See* Compl., ECF No. 1.) Mosley's allegations appear to stem from one or multiple ongoing civil state-court proceedings in which he is the plaintiff. (*See id.*) On May 28, 2026, the Court entered an order dismissing most of Mosley's claims. (*See* Order, ECF No. 11.) It dismissed his conspiracy claim in its entirety on the ground that Mosley had failed to state a claim against any of the Defendants for conspiring to violate the statute under which he

brought his claim, 42 U.S.C. § 1985(3). (*See id.*) And it dismissed his due process claim against all Defendants except Defendant Cathy M. Garrett, the Wayne County Clerk, because Mosley did not attribute any specific unconstitutional conduct to any of the named Defendants besides Garrett. (*See id.*)

The only claim the Court allowed to proceed in this action was Mosley's due process claim under 42 U.S.C.§ 1983 against Garrett. (*See id.*) In that claim, Mosley alleged that Garrett (1) "[c]ertified [] entries of default" against nine defendants that he had sued in the Wayne County Circuit Court and (2) then "retroactively 'reject[ed] and eras[ed] the nine validly Certified Defaults from the active electronic tracking system to insulate their [sic] coworkers." (Compl., ECF No. 1, PageID.11.)

On July 27, 2026, Garrett moved to dismiss the sole remaining claim against her. (*See* Mot., ECF No. 35.) On October 7, 2026, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which he recommended that the Court grant Garrett's motion. (*See* R. & R., ECF No.51.) The Magistrate Judge concluded that Mosley's due process claim failed as a matter of law because Mosley did not establish that he had a "vested, constitutionally protected property interest" in "Certified Defaults." (*Id.*, PageID.478-79.) On October 14, 2026, Mosley filed timely objections to the R&R. (*See* Obj., ECF No. 52.)

The Court has made its best effort to understand Mosley's objections. Unfortunately, the Court has not been able to comprehend the substance of the

objections. Simply put, the objections are not reasonably understandable. Under these circumstances, they are tantamount to no objections at all. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 483 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.") Because Mosley has not filed any cognizable objections to the R&R, he has effectively waived his right to review. *See Ivey v. Wilson*, 832 F.2d 950, 957 (6th Cir. 1987) (explaining that where party failed to file "timely objections" to report and recommendation, court properly accepted that recommendation "[w]ithout expressing any view on the merits of the magistrate's conclusions"). And even if he had not, in effect, waived his right to review, he still would not be entitled to relief because his impossible-to-understand objections do not show any error in the Magistrate Judge's analysis and/or recommended disposition.

Therefore, the Court **OVERRULES** Mosley's objections to the R&R (ECF No. 52), **ADOPTS** the recommended disposition of the R&R (ECF No. 51), **GRANTS** Garrett's motion to dismiss (ECF No. 35), **DISMISSES** the claims against Garrett, and **TERMINATES AS MOOT** Mosley's Motion to Vacate Void

Orders (ECF No. 49). Since these rulings dispose of the claim against the one remaining Defendant, the entire action is **DISMISSED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 2, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126